IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **THE UNITED STATES OF AMERICA** | Crim. No. JFM-08-0598 |
| v. | Civil No. |
| **TA-THASIO MARTIN** | |

\* \* \* \* \*

## CONSENT MOTION TO CORRECT
## SENTENCE UNDER 28 U.S.C. § 2241

### INTRODUCTION

Petitioner, Ta-Thasio Martin, through undersigned counsel, James Wyda, Federal Public Defender, and Paresh S. Patel, Appellate Attorney, respectfully moves this Court to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2241. The government, through Assistant United States Attorney, Debra Lynn Dwyer, consents to this motion.

On April 20, 2009, Mr. Martin pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On July 17, 2009, this Court sentenced Mr. Martin to a term of 180 months imprisonment after finding that he was an armed career criminal under the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)). The Court found Mr. Martin to be an armed career criminal after adopting the finding of the presentence report that he had at least three qualifying prior convictions that supported the ACCA. Specifically, the Court found that Mr. Martin had two prior convictions for Maryland controlled substance offenses that qualified as "serious drug offenses" and one prior conviction for Maryland resisting arrest that qualified as a "violent felony" under the ACCA.

However, in light of the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and the Fourth Circuit's subsequent decisions in *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013), and *United States v. Aparicio-Soria*, 740 F.3d 152 (4th Cir. 2014), Mr. Martin is no longer an armed career criminal because his Maryland resisting arrest conviction no longer qualifies as a "violent felony." Thus, Mr. Martin does not have the three necessary predicate convictions (either "violent felonies" or " serious drug offenses") to qualify him as an armed career criminal. As a result, Mr. Martin's currently imposed sentence of 180 months imprisonment exceeds the statutory maximum penalty of 120 months for his offense of conviction, violates the laws of the United States, and results in a fundamental miscarriage of justice. Further, such sentence violates due process.

The parties agree that Mr. Martin is entitled to relief under 28 U.S.C. § 2241 because he is in "custody in violation of the Constitution or laws or treaties of the United States," and 28 U.S.C. § 2255 is an inadequate and ineffective means of challenging his detention.

Finally, the parties agree that Mr. Martin should be sentenced to a term of 77 months imprisonment within his non-ACCA guideline of 77 to 96 months (offense level 21, criminal history category VI). The parties also agree that Mr. Martin's supervised release term of five years should be reduced to three years under 18 U.S.C. § 3583(b)(2).

WHEREFORE, Mr. Martin respectfully requests that this Court grant his § 2241 motion and impose a sentence of 77 months imprisonment. The government, through Assistant United States Atorney, Debra Lynn Dwyer, consents to this request. Attached is a proposed Order.

Respectfully submitted,

JAMES WYDA

Federal Public Defender

_____/s/_____
PARESH .S PATEL,
Appellate Attorney
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland
(301) 344-0600

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of October 2014 a copy of the foregoing Emergency Consent Motion to Correct Sentence Under 28 U.S.C. §2241 was delivered via electronic filing to Debra Lynn Dwyer, Assistant United States Attorney, United States Attorney's Office, Baltimore, Maryland.

_____/s/_____
PARESH S. PATEL
Appellate Attorney